AO 451 (Rev. 12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

__EASTERN__ DISTRICT OF __ARKANSAS__

Rose Law Firm

V.

Webster Lee Hubbell

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

Case Number:    LR-C-96-212WRW

I, _____James W. McCormack_____ Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action ____10/28/96____, as it
                                                                                                              Date
appears in the records of this court, and that

\* no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF**, I sign my name and affix the seal of this Court.

September 20th, 2006
Date

JAMES W. McCORMACK
Clerk

*Kay Parks*
(By) ~~Deputy~~ Clerk

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 28 1996

JAMES W. McCORMACK, CLERK
By:_____

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK
By: [signature] D.C.

ROSE LAW FIRM,
A PROFESSIONAL ASSOCIATION                              PLAINTIFF

vs.                     CASE NO. LR-C-96-212

WEBSTER LEE HUBBELL                                     DEFENDANT

## CONSENT JUDGMENT AND ORDER

On May 19, 1996, Rose Law Firm, a Professional Association ("Plaintiff") filed its original Complaint in this proceeding (the "Complaint") against Webster Lee Hubbell ("Defendant"), seeking a judgment in the amount of Four Hundred Fifty-Seven Thousand Four Hundred Ten and 83/100 Dollars ($457,410.83).

Based upon the foregoing, consideration of the pleadings, the agreement of Plaintiff and Defendant to the matters set forth herein, statements of counsel and other evidence and proof necessary for the Court to be fully advised, the Court finds that:

A.  The Court has jurisdiction of the parties and subject matter of this proceeding pursuant to 12 U.S.C. § 1332. Defendant stipulates and agrees that his domicile was the District of Columbia when the complaint was filed.

B.  Both Plaintiff and Defendant are represented by counsel of their choosing or have had the opportunity to retain counsel of their choosing. The Court is satisfied Plaintiff and Defendant have fully considered and presented all issues to the Court and do not dispute or contest the entry of this Consent Judgment and Order or any of the matters set forth herein.

C.   Defendant pled guilty to charges of Mail Fraud, in violation of 18 U.S.C. § 1341, and Tax Evasion, in violation of 26 U.S.C. § 7201, in *United States of America v. Webster Lee Hubbell*, Case No. LR-CR-94-241(1) (U.S. District Court for the Eastern District of Arkansas) and admitted that he had, in fact, devised and executed a scheme to defraud Plaintiff, and Plaintiff's clients in the amount of $482,410.83.

D.   Defendant specifically acknowledges and agrees that the Judgment Amount directly arises from, and is the result of, the criminal conduct to which Defendant has pled guilty, which conduct further constitutes and creates civil liability for the reasons alleged in the Complaint. Defendant specifically acknowledges and agrees that the Judgment Amount is not dischargeable in bankruptcy.

E.   Defendant has been presented with full opportunity to raise defenses to the Complaint filed by RLF against him, as well as full opportunity to make any and all claims against Plaintiff. Defendant acknowledges and agrees that he will assert no defenses to the Complaint. Defendant acknowledges and agrees he will assert no claims and has no basis for allegations of wrongdoing against Plaintiff arising from or related to events or occurrences prior to the date of this Consent Judgment and Order. In the event any such claims are hereafter made by the Defendant against Plaintiff, Defendant acknowledges and agrees that such claims shall be barred by this Judgment and Order. For purposes of this paragraph of this Consent Judgment and Order the term "Plaintiff" includes all members, employees and agents of Rose Law Firm a Professional Association.

F. To resolve this matter without the delay and expense of litigation, Plaintiff and Defendant have compromised the amount of indebtedness owed by Defendant to Plaintiff to the Judgment Amount, and Plaintiff has consented to allow Defendant to pay the Judgment Amount pursuant to the terms of this Consent Judgement and Order. Plaintiff and Defendant acknowledge and agree that the Judgment Amount represents a full and complete settlement of the claim for which Plaintiff sought judgment in its Complaint, but that this release does not bar or release claims for indemnity or contribution by Plaintiff against Defendant due to future claims, if any, from third parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That Plaintiff have judgment against Defendant for the sum of Three Hundred Thousand Dollars ($300,000) (the "Judgment Amount").

2. The Judgement Amount does *not* include credit for the sum of Twenty-Five Thousand Dollars ($25,000.00) paid by Defendant prior to the date of this Consent Judgment and Order pursuant to the restitution provisions of the sentence entered in the case of *United State of America v. Webster Lee Hubbell*, Case No. LR-CR-94-241(1), United States District Court, Eastern District of Arkansas. Therefore, the outstanding balance of the Judgment Amount as of the date hereof is Three Hundred Thousand Dollars ($300,000.00). To the extent Defendant makes further restitution payments, such payments shall be applied to reduce the balance of the Judgment Amount.

3. The remaining balance of the Judgment Amount shall be paid as follows:

(a) Ninety (90) days after Defendant is released from prison, Defendant shall pay Plaintiff the sum of Five Thousand Dollars ($5,000.00). Defendant shall

ORDER.RL4
101196

continue making payments in the amount of Five Thousand Dollars ($5,000.00) each and every ninety days thereafter until Defendant has made twelve (12) such payments.

(b) One calendar year after the due date of the last Five Thousand Dollars ($5,000.00) payment, Defendant shall pay Plaintiff the sum of Twenty-Five Thousand Dollars ($25,000.00). Defendant shall continue making annual payments in the amount of Twenty-Five Thousand Dollars ($25,000.00) on the same day of each calendar year thereafter until the Judgment Amount is paid in full.

(c) In addition to the foregoing, Defendant shall make mandatory prepayments in an amount equal to fifty percent (50%) of all gross income (from all sources whether taxable or nontaxable) in excess of One Hundred Thousand Dollars ($100,000.00) per annum. The income of Defendant's wife, Suzanna W. Hubbell, is not to be included in the calculation of gross income of more than $100,000 per annum and will be considered exempt for purposes of calculating mandatory prepayments under this paragraph. The obligation to make mandatory prepayments shall commence on the earlier of April 30, 1997, or Defendant's release from custody of the U.S. Bureau of Prisons, and shall be made not later than April 30 of each calendar year thereafter until the Judgment Amount is paid in full. The payments due shall be based upon gross income received for the prior year. The amount of gross income for purposes of calculating the amount of mandatory prepayments shall be the gross income of the Defendant, as reflected on the federal income tax return(s) filed by Defendant (either individually or by an affiliated entity), reduced by the amount of gross income actually paid to the Internal Revenue Service during the applicable tax year for satisfaction of the existing tax lien in favor of the Internal Revenue Service for years 1989-1995 or any federal or state (including District of Columbia) income tax paid on current year gross income. Each mandatory prepayment shall be accompanied by a copy of the federal income tax return(s) filed by Defendant and any affiliated entities and such other documents requested by Plaintiff reflecting gross income (taxable or nontaxable) of Defendant and any affiliated entities from which the amount of the mandatory prepayment was computed, as well as proof satisfactory to Plaintiff of any gross income paid to the Internal Revenue Service for satisfaction of its existing lien.

All payments shall be credited to the Judgment Amount when actually received and only to the extent indefeasibly and actually retained by Plaintiff. In the event that any of the

foregoing payments would result in payment in full of the Judgment Amount, the amount of such payment shall be reduced to the amount necessary to pay in full the Judgment Amount. Any payments by Defendant to Plaintiff in addition to the foregoing shall not excuse, delay or abate the amount or date of the next payment due pursuant to the foregoing provisions.

4. So long as Defendant makes each and every payment set forth in this Consent Judgment and Order on the date due and in the amount due, the Judgment Amount shall not bear interest and Plaintiff shall not exercise any rights or remedies of a judgment creditor against Defendant. Upon any failure of Defendant to make any payment set forth in this Consent Judgment and Order, Plaintiff shall have the immediate and absolute right to collect the full Judgment Amount, together with costs of collection or other sums to which Plaintiff may be entitled as a judgment creditor, including post-judgment interest pursuant to 28 U.S.C. § 1961, by exercise of any and all remedies available to a judgment creditor at law or in equity. Plaintiff shall be entitled to file, record or otherwise publish this Consent Judgment and Order. Defendant shall not be entitled to modification, extension or alteration of any of the payments or other provisions set forth in this Consent Judgment and Order.

IT IS SO ORDERED, ADJUDGED AND DECREED.

*[signature]*
UNITED STATES DISTRICT JUDGE

10/28/96
DATE

5

ORDER.RL+
101196

APPROVED:

Rose Law Firm
A Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
(501) 375-9131

By: _____
　　　Chief Operating Officer


Henry Hodges, P.A.
Suite 1722
400 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 375-0400

By: _____
　　　Henry Hodges

ATTORNEY FOR PLAINTIFF
ROSE LAW FIRM

APPROVED:

_____
Webster Lee Hubbell

STATE OF MARYLAND  )
                   ) ss.
COUNTY OF _____  )

SUBSCRIBED and SWORN to before me, a Notary Public, in and for said County and State, this ___ day of _____, 1996.

_____
Notary Public

My Commission Expires:

_____

Frank L. Branson, P.C.
4514 Cole Avenue, Suite 1800
Dallas, Texas 75205
(214)522-0200

By: _____
    Debbie D. Branson

    ATTORNEY FOR DEFENDANT
    WEBSTER LEE HUBBELL

ORDER.RL4
101196

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 15 2006
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**ROSE LAW FIRM**
A Professional Association                                   **PLAINTIFF**

VS.                      NO. LR-C96-212

**WEBSTER LEE HUBBELL**                                    **DEFENDANT**

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK

**ORDER FOR REVIVOR OF JUDGMENT
AND WRIT OF SCIRE FACIAS**

By: _____ D.C.

Comes on for hearing Plaintiff's Motion for Revivor of Judgment. It appearing to the Court that Judgment in the above-entitled action was rendered on October 28, 1996, in favor of Plaintiff Rose Law Firm, a Professional Association, against Defendant, Webster Lee Hubbell, in the sum of Three Hundred Thousand Dollars ($300,000.00), and that the Judgment remains unsatisfied;

WHEREFORE, it is hereby Ordered that the Judgment be renewed and extended and that a new entry be made in the Judgment docket; and that, after the new entry of the Judgment, the Judgment and Lien thereof shall continue for ten (10) years thereafter, unless the Judgment shall be sooner satisfied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE
DATE: 9/15/06

145082-1

PREPARED BY:
John T. Hardin, ABA # 89137
ROSE LAW FIRM
A Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201-2893
(501) 375-9131

cc:   Webster Lee Hubbell
      4459 Westover PL NW
      Washington, DC  20016-5557

145082-1